# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                     )
     v.                      )    I.D. No. 1601011422
                                     )
BRIAN LIVINGSTON,       )
                                   )
        Defendant.      )

Date Submitted: May 11, 2022
Date Decided: July 5, 2022
Date Corrected: July 8, 2022[1]

## ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION

Upon consideration of Defendant Brian Livingston's Motion for Modification ("Motion")[2] pursuant to Superior Court Criminal Rule 35; the State's Response thereto;[3] and the record in this case, the Court makes the following findings:

1. On September 14, 2016, Defendant pled guilty to Manslaughter, Robbery Second Degree, and Conspiracy Second Degree.[4] In pleading guilty, Defendant admitted to recklessly causing the death of Everardo Martinez by stabbing him with a knife.[5]

2. Defendant was sentenced to 12 years at Level 5 with transitioning levels

---

[1] Corrected to reflect the motion is **DENIED**.
[2] D.I. 23.
[3] D.I. 26.
[4] D.I. 5.
[5] D.I. 2.

of probation.[6]

3. Since sentencing, Defendant has filed two motions pursuant to Superior Court Criminal Rule 35 and one filed pursuant to 11 *Del. C.* §4204A. All three were denied.[7] Defendant filed the instant Rule 35(b) motion on March 14, 2022.[8]

4. In his latest Motion, Defendant asks the Court to reduce his 12-year period of incarceration to 9 years.[9] Defendant essentially asks the Court to impose a longer probation in lieu of Level 5 incarceration.[10] Defendant argues the modification is warranted based on the following grounds: (1) his growth and development while incarcerated; (2) his belief that a "[psychological] forensic eval[uation] with risk assessment report" will reveal the "growth and development transitions of maturation throughout his years of incarceration"; (3) his refrain from

---

[6] D.I. 12. Defendant was sentenced on March 24, 2017, effective January 17, 2016, as follows: (1) as to Manslaughter, N16-09-0164-I, 25 years at Level 5, suspended after serving 12 years at Level 5, for 13 years at Level 4 Work Release, suspended after 9 months at Level 4 Work Release, for 2 years at Level 3, hold at Level 5 until space is available at Level 4 Work Release — the first 2 years of this sentence is a mandatory term; (2) as to Robbery Second, N16-09-0165-I, 5 years at Level 5, suspended for 18 months at Level 3 — probation is concurrent to criminal action number N16-09-0164-I; and (3) as to Conspiracy Second, N16-09-0166-I, 2 years at Level 5, suspended for 18 months at Level 3 — probation is concurrent to criminal action number N16-09-0165-I.[6]

[7] *See* D.I. 13 (timely Rule 35(b) motion denied by the Court on the merits); *see also* D.I. 17 (Rule 35(a) motion denied due to Defendant's failure at the time to meet the time-served eligibility requirements set forth in 11 *Del. C.* §4204A); *see also* D.I. 19 (Motion for Modification/Review of Juvenile Sentence denied pursuant to 11 *Del. C.* §4204A's requirement that "at least 5 years have elapsed since the date on which the Court ruled upon the offender's most recent position").

[8] D.I. 23. Although not made explicit by the Motion itself, the Court construes Defendant's Motion as a Rule 35(b) motion for modification of sentence, as does the State. *See* D.I. 26 ("While not cited in his filing, the substance of the motion for modification of sentence reflects an application made pursuant to Superior Court Criminal Rule 35(b).").

[9] D.I. 23.

[10] *See id*. Defendant also asks for Level 4 Home Confinement in lieu of Level 4 Work Release.

"irritating the Court" with countless motions for modification; (4) "good cause," including rehabilitative measures undertaken by Defendant while in custody; and (5) his lack of criminal history prior to his current convictions.[11]

5. The State filed its response in opposition to Defendant's Motion on May 16, 2022.[12] The State argues that Defendant's Motion should be denied based on it being untimely, repetitive, and substantively deficient.[13]

## Defendant's Motion is Repetitive and Therefore Time-Barred

6. Rule 35(b) mandates that "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[14]  "[T]his bar is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[15]  "As our Supreme Court and this Court have consistently held, Rule 35(b) prohibits consideration when the request is for sentence reduction, modification of a term of partial confinement, or

---

[11] D.I. 23.

[12] D.I. 26.

[13] *Id*. at *2-3.

[14] Super. Ct. Crim. R. 35(b).  Unlike the 90 day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception.  *See Redden*, 111 A.3d, at 608 (citing *Giuricich v. Emtrol Corp.,* 449 A.2d 232, 238 (Del.1982) ("[W]here a provision is expressly included in one section of a statute, but is omitted from another, it is reasonable to assume that the Legislature was aware of the omission and intended it."); *see also Adoption of Swanson*, 623 A.2d 1095, 1097 (Del.1993) (citing *Giuricich*, 449 A.2d at 238) ("A court may not engraft upon a statute language which has been clearly excluded therefrom.")).

[15] *Redden*, 111 A.3d, at 609 (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002). *See also Jenkins v. State,* 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions"); *Morrison v. State,* 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("motion was repetitive, which also precluded its consideration by the Superior Court"); *Duffy v. State,* 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (as court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction)).

probation."[16]  The bar to repetitive motions has no exception.[17]  This is Defendant's

third Rule 35 motion.[18]  Rule 35(b) prohibits consideration of Defendant's Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Modification is **DENIED**.


        /s/ Jan R. Jurden

        Jan R. Jurden, President Judge

cc:    Original to Prothonotary
       Brian J. Robertson, DAG
       Brian Livingston (SBI# 00741658)

---

[16] *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011); *State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Apr. 13, 2015); *State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Mar. 11, 2015).

[17] *See Culp*, 152 A.3d at 144; *State v. Redden,* 111 A.3d 602, 608–09 (Del. Super. 2015).

[18] *See supra* note 7; *see also* D.I. 26 (". . . the present motion constitutes Mr. Livingston's third motion for reduction of sentence.").